BIDDLE, Respondent, vs. BIDDLE, Appellant.

*February 6—March 5, 1957.*

For the appellant there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *L. P. Baumblatt.*

For the respondent there was a brief by *La France, Thompson, Greenquist, Zahn & Dye* of Racine, and oral argument by *Kenneth L. Greenquist.*

BROADFOOT, J. Sec. 247.37 (2), Stats., provides that the court shall have power to vacate or modify a judgment of divorce for sufficient cause shown at any time within one

year from the granting of the judgment. In her petition the defendant alleged that she had reason to believe that the plaintiff had committed adultery after the entry of the judgment.

The findings and the record show that the plaintiff owned a lake cottage near Racine, Wisconsin; that on or about December 23, 1955, plaintiff became engaged to marry a young lady he had met prior to the entry of the judgment of divorce; that plaintiff and the young lady of his choice planned to marry as soon as the divorce judgment permitted; that during the month of April, 1956, plaintiff entertained his fiancee at said lake cottage; that on some occasions other persons were present; that on other occasions plaintiff and his fiancee spent several hours alone in the cottage; that the visits were conducted openly and without secrecy and that friends and neighbors were in the habit of calling at the cottage frequently, and that there was no proof from which the court could find that the visits of the young lady were not for a proper purpose. The court concluded that plaintiff had ample opportunity to commit adultery but that defendant had failed to prove any inclination of the plaintiff or the young lady to commit adultery.

No useful purpose can be served in citing the evidence in detail. However, we have carefully checked the entire record and determine that the judge's findings, conclusions, and order were amply sustained by the record.

*By the Court.*—Order affirmed.